UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHANNAH SPEED, Personal Representative of the Estate of Vinal L. Speed, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GIDDINGS & LEWIS, LLC, et al, | ) ) ) |
| Defendants. | ) |

Civil No. 05-149-B-C

## MEMORANDUM OF DECISION DENYING DEFENDANT GENERAL ELECTRIC'S RULE 54(B)[SIC] MOTION FOR ENTRY OF FINAL JUDGMENT

Before the Court is Defendant General Electric's Motion seeking Entry of a Final Judgment in its behalf in respect to this Court's prior determination that General Electric is entitled to a immunity from suit under 39-A M.R.S.A. § 104 (Docket Item No. 65). The Motion is unopposed. Normally, an unopposed motion is deemed to be consented to and is granted on that basis. *See,* Local Rule 7(b). However, the present motion requires that the Court address considerations of appropriate judicial process and interests of the Court in the efficiency of that process that go beyond the immediate interests of the parties in the litigation. *Santa Maria v. Owens-Illinois, Inc., et al*, 808 F.2d 848, 854-56 (1st Cir. 1986). In granting a Rule 54(b) Motion, the Court is required to make a deliberative and considered "discretionary decision on whether, weighing all the competing concerns and interests arising out of the case[], there is good reason to permit the District Court's decision . . . to be reviewed on an appeal <u>before</u> all other claims . . . are brought to judgment." *Id*. at 854 (emphasis in original). A "talismanic" statement in

the judgment that "there is no just reason for delay in the entry of 'final judgment' is not sufficient to signal," such a decision. *Id*.

Here, the Court has before it no sufficient record to make such a decision. The motion here "talismanicly" asserts that there is no just reason for delay. The only fact asserted that tends to support that conclusion is that the Court has determined that the movant is immune from suit under 39-A M.R.S.A. § 104. There is no reason put forth why that determination should not be subject to the usual appellate process along with the decisions on the other claims made in the case, except for the statement that the movant "has an interest in knowing that all claims against it have been resolved finally, once and for all." Motion ¶3 at 1-2. No indication is given as to the nature of that interest or its basis. There is no showing of any reason for unusual haste in affording review of the decision in movant's favor.

That sparse factual predicate does not permit the Court to articulate a basis for "a deliberative and properly considered discretionary decision," weighing the required criteria supporting a premature determination of finality of the judgment in favor of the movant.[1] Further, no reason is shown why it is not entirely appropriate for that judgment to be considered on appeal, if need be, with the rest of the judgment to be eventually entered in the case.

Accordingly, the motion is hereby **DENIED**.

/s/Gene Carter
GENE CARTER
Senior U.S. District Court Judge

Dated at Portland, Maine this 20th day of November, 2006.

---

[1] Such a certification "should not be entered routinely, or as a courtesy or accommodation to counsel. *Panichella v. Pennsylvania Railroad*, 252 F.2d 452, 455 (3d Cir. 1950).