# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| JOHANNAH SPEED, Personal Representative of the Estate of Vinal L. Speed,<br><br>      Plaintiff<br><br>v.<br><br>GIDDINGS & LEWIS MACHINE TOOLS, LLC,<br><br>      Defendant<br><hr>GIDDINGS & LEWIS, LLC, G & L USA, LLC, GIDDINGS & LEWIS FOUNDATION, INC., GIDDINGS & LEWIS MACHINE TOOLS, LLC, and THYSSENKRUPP METAL CUTTING,<br><br>      Third-Party Plaintiffs<br><br>v.<br><br>CNC ENGINEERING, INC. and PHOENIX, INC.,<br><br>      Third-Party Defendants | Civil No. 05-149-P-C |

Gene Carter, Senior District Judge

**ORDER DENYING DEFENDANT GIDDINGS & LEWIS
MACHINE TOOLS LLC'S MOTION TO PRECLUDE TESTIMONY
OF PLAINTIFF'S EXPERT RALPH BARNETT**

  This action was initially brought in the Maine Superior Court by Plaintiff Johanna

Speed, on behalf of her husband Vinal Speed, against Defendant Giddings & Lewis

Machine Tools, LLC for negligence (Count I), conscious pain and suffering (Count II),

strict liability (Count III), breach of warranty (Count IV), and loss of consortium (Count V).  Docket Item No. 1.  Defendant removed the case to this Court and brought third-party claims for contribution (Count I) and indemnity (Count II) against CNC Engineering, Inc. and Phoenix, Inc.  Docket Item No. 23.  The Court now has before it Defendant Giddings & Lewis's Motion to Preclude Testimony from Plaintiff's Expert Ralph Barnett (Docket Item No. 85).

## BACKGROUND

This case stems from the June 13, 2003 accident in which Vinal Speed was fatally injured while attempting to perform a manual tool change on a TB-70 horizontal boring mill (hereinafter "HBM").  The subject HBM was manufactured by Defendant Giddings & Lewis and sold to General Electric where it was used at Mr. Speed's place of employment located in Bangor, Maine.

Plaintiff's liability expert, Ralph Barnett, provided an initial report to the Plaintiff, dated February 27, 2006 that outlined his understanding of the accident, identification of hazards in the HBM and proposed changes to the HBM to eliminate safety hazards.  Mr. Barnett's initial findings and opinions were based on his review of the materials cited in the report, as well as his inspection of the HBM at the General Electric facility in Bangor, Maine.  *See* Barnett Expert Report at p. 1; Barnett Supp. Aff. at ¶ 3.  One of the design defects identified by Mr. Barnett in the Giddings & Lewis HBM, was the failure to lock out all movement of the machine axes and spindle rotation during a manual tool change.  *See* Barnett Expert Report at p. 3, subsection C.  After Mr. Barnett's expert report was provided, Defendant Giddings & Lewis brought their third-party claims against CNC Engineering and Phoenix.  Thereafter, Mr. Barnett reviewed additional documents

provided by Defendant Giddings & Lewis and Third-Party Defendants Phoenix, Inc. and CNC Engineering regarding the work they performed on the HBM at issue in this case. Barnett Supp. Aff. at ¶¶ 8,10.  Mr. Barnett's review of the additional records provided indicates that both Phoenix and CNC Engineering made respective changes to the control panel of the HBM that were cumulative to the identified design defects in the original Giddings & Lewis machine.  Barnett Supp. Aff. at ¶ 16.

## DISCUSSION

Expert testimony is admissible if opinions based on "scientific, technical or other specialized knowledge will aid the trier of fact in understanding the evidence or to determine a fact in issue." Fed. R. Evid. 702.  Trial courts have great latitude in assessing whether the expert testimony will materially assist the jury. *United States v. Sebaggala*, 256 F.3d 59, 65 (1st Cir. 2001)(citation omitted).  The judge functions as a gatekeeper of proffered expert evidence to ensure that the same is relevant and has a reliable foundation.  The Court plays the role of the gatekeeper, but only as to two aspects: (1) the existence of sufficient facts and /or data to allow an expert to reach a conclusion and; (2) the reliability of the principles and methods used to arrive at those opinions. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).  "[A] trial judge *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability . . . the test of reliability is 'flexible,' and *Daubert's* list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Kumho*, 526 U.S. at 141 (emphasis in original).  "The trial court must have the same kind of latitude in deciding *how* to test an expert's reliability, and to decide whether or when special briefing

or other proceedings are needed to investigate reliability, as it enjoys when it decides *whether or not* that expert's relevant testimony is reliable." *Id.* at 152 (emphasis in original). If the testimony is found to be sufficiently reliable, the ultimate weight of an expert's opinion is for the trier of fact.

Defendant's first challenge is to the factual basis for Mr. Barnett's expert opinion. Defendant argues that because there were no eye witnesses to the accident and there is no record of the buttons that were activated on the control panel, Mr. Barnett's testimony about how the accident occurred is based on faulty assumptions or speculation. Defendant Giddings & Lewis Machine Tools LLC's Motion to Preclude Testimony from Plaintiff's Expert Ralph Barnett at 5. It is fundamental that "[e]xpert testimony must be predicated on facts legally sufficient to provide a basis for the expert's opinion." Thus, "an expert should not be permitted to give an opinion that is based on conjecture or speculation from an insufficient evidentiary foundation.'" *Damon v. Sun Company Inc.*, 87 F.3d 1467, 1474(1st Cir. 1996) (citations omitted).

After reviewing Mr. Barnett's expert report and supplemental affidavit, it is clear that his opinion is directed to the design defects in the HBM at issue in this case, rather than the circumstances surrounding the accident. Mr. Barnett's understanding of how the accident occurred is based on his review of the records of the HBM and the accident including: (1) Mr. Speed's medical records; (2) detailed OSHA investigative materials, which included interviews with General Electric employees familiar with normal operation of the HBM and interviews with General Electric employees who observed Mr. Speed and the HBM immediately after the accident; (3) photographs of the HBM and accident scene; (4) GE work station materials; and (5) machine maintenance work order

history documents.  *See* Barnett Expert Report at p. 1; Barnett Supp. Aff. at ¶ 4.  On this record, these materials provide sufficient factual data to support Mr. Barnett's understanding of how the accident happened.  Because it does not appear that Mr. Barnett is proffered as an accident reconstruction expert, Defendant's challenge to Mr. Barnett's factual understanding of how the accident occurred goes to the weight, and not the admissibility, of his testimony.  Therefore, the Court does not conclude that his testimony is unreliable.

       Defendant next argues that Mr. Barnett's testimony should be excluded because it is irrelevant to determining Giddings & Lewis's liability in this case.  Specifically, Defendant contends that the defect identified by Mr. Barnett is not probative on the issue of whether Giddings & Lewis is strictly liable or negligent with regard the manufacture of the HBM because the defect he identified was the location of the buttons on the control panel and the control panel was not manufactured by Giddings & Lewis.  Defendant Giddings & Lewis Machine Tools LLC's Motion to Preclude Testimony from Plaintiff's Expert Ralph Barnett at 9.  Mr. Barnett has identified what are, in his opinion, the defects in the Giddings & Lewis manufactured HBM set-up and functioning, independent of issues related to the control panel.  Barnett Expert Report at p. 3, subsection C.  Although after he reviewed the additional discovery documents, Mr. Barnett identified additional defects in the control panel, he did not change his opinion as to the original defect existing in the Giddings & Lewis HBM or his recommendations as to how to eliminate the safety hazards.  Barnett Supp. Aff. at ¶ 13.  Neither the addition of an automatic tool changer and replacement of the control panel by Phoenix, Inc., nor the work performed on the HBM control panel by CNC Engineering, changed the identified design defect in

the original Giddings & Lewis HBM – the failure to lock out all movement of the machine axes and spindle rotation during a manual tool change.  Barnett Supp. Aff. at ¶¶ 14, 15; Barnett Expert Report at p. 3, subsection C.  Therefore, the Court does not find Defendant's argument persuasive basis to exclude the testimony of Mr. Barnett.

  Accordingly, the Court **ORDERS** that Defendant Giddings & Lewis Machine Tools LLC's Motion to Preclude Testimony from Plaintiff's Expert Ralph Barnett be, and it is hereby, **DENIED**.

           /s/ Gene Carter_____
           Gene Carter
           Senior District Court Judge

Dated at Portland, Maine this 11th day of April, 2007.